## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7852 | **DATE** | 3/28/2003 |
| **CASE TITLE** | LEADERSHIP COUNCIL FOR METROPOLITAN vs. ROSSI REALTY, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Defendants' motion for renewed costs is denied in part and granted in part [ 128-1]. Defendants' motion for a ruling is stricken as moot [132]. ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | MAR 3 1 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | 133 |
| | Copy to judge/magistrate judge. | | | | |
| CG | courtroom deputy's initials | 03 MAR 28 PM 4:19 | Date/time received in central Clerk's Office | date mailed notice | |
| | | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEADERSHIP COUNCIL FOR METROPOLITAN OPEN COMMUNITIES, INC., and GREATER ASHBURN PLANNING ASSOCIATION, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSSI REALTY, INC., JOSEPH R. ROSSI AND JOSEPH S. ROSSI<br><br>Defendants. | No: 98 C 7852<br><br>Honorable Ronald A. Guzman<br><br>DOCKETED<br>MAR 3 1 2003 |

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Rossi Realty, Inc. et al's renewed motion for costs pursuant to Fed. R.Civ. P. 54(d)(1). For the reasons set forth below this motion is denied in part and granted in part.

## BACKGROUND FACTS

By not researching the Local Rules Defendant's counsel has created a frustrating situation for this Court and himself. The bill of costs at issue in this case arose out of litigation concerning alleged violations of the Fair Housing Act of 1968 (42 U.S.C. § 3601 et seq.) and the Civil Rights Act of 1866 (42 U.S.C. § 1981 and 1982). (Am. Comp. ¶ 1). Plaintiffs alleged that Defendants encouraged African-Americans to purchase property in pre-dominantly African-American neighborhoods, and discouraged whites from purchasing property in predominantly African-American neighborhoods. *Id.* Plaintiffs further alleged that Defendants discriminated on the basis of religion. *Id.*

133

On March 14, 2001 Defendants' motion for summary judgment as to Count I was denied but granted as to Count II. This case then proceeded to trial in May of 2001. On May 18, 2001 the jury returned a verdict in favor of Defendants as to Count I of Plaintiffs' complaint.

On June 18, 2001, Defendants filed a two-paragraph motion titled " Motion for Costs" which had no attachments and no affidavit. On July 30, 2001 Defendants filed a "Supplement to Defendants' Motion for Costs." This Supplement contained a brief summary of the costs sought.

On August 7, 2001, this Court allowed Plaintiffs an opportunity to respond to Defendants' pleadings. In a minute order dated September 17, 2001, this Court granted Defendants an opportunity to recover their costs if Defendants provided additional supporting documents and proper itemization or verification of the costs within ten days.

On September 28, 2001, Defendants filed a general list of costs, with no back up documentation and not on this Court's AO133 form but accompanied by an affidavit. On November 26, 2001, this Court denied Defendants request for costs pursuant to 28 U.S.C. § 1920 based on their failure to submit their costs on the AO 133 form as well as the fact that the Court could not determine the accuracy of such costs because of the missing documentation. As the Court explained to Defendants "the AO 133 form is specifically used for costs requests for parties and sets forth the categories of fees which are reimbursable as well as requires the party seeking these costs to attach the bill of itemization as well as the documentation supporting the requested costs in all categories."( Minute Order of 9/28/01).

On December 3, 2001, Defendants filed a motion for reconsideration. On January 31, 2002, this Court denied Defendant's motion for reconsideration. On February 15, 2002, final judgment was entered after this Court ruled on Plaintiffs' oral motion for judgment

notwithstanding the verdict.

On March 21, 2002, Defendants filed their renewed motion for costs seeking once again to be reimbursed in the amount of $10,380.00 and for attorneys' fees. This motion was granted as to the availability of taxable costs but denied as to Defendants' attorney fees based upon this Court's finding that Plaintiff's lawsuit could not be concluded to be frivolous under *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978). (Minute Order of 7/22/02).

## DISCUSSION

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party..." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 641 (7th Cir. 1991). "Under Rule 54(d), a "prevailing party" is the party who prevails as to the substantial part of the litigation." *Northbrook Excess and Surplus Ins. Co.*, 924 F.2d at 633. As to the cost issue Defendants are a prevailing party under Rule 54(d)(1) in this instance. Defendants never seemed to get this concept quite clear as they mix their attorney fees requests with their costs requests. There are two distinct procedures for each type of fee sought as explained in Local Rule 54.1.

Attorneys fees are not recoverable as explained in this Court's minute order of July 22, 2002. What remains is Defendants' requests for costs. Plaintiffs again object to Defendants receiving any compensation for their costs since they have failed to file an adequate bill of costs, have not provided sufficient invoices, nor established the necessary factual basis for these costs to meet the statutory requirements. This Court overrules these objections in part.

28 U.S.C. § 1920 establishes that "a judge or clerk of any court of the United States may tax as costs the following: 1) fees of the clerk and marshal; 2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; 3) Fees and disbursements for printing and witnesses; 4) Fees for exemplification and copies of papers necessarily obtained for use in the case; 5) Docket fees under section 1923 of this title; 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920 (2002). 28 U.S.C. § 1924 requires that a Bill of Costs must include: 1) an affidavit that establishes 2) each cost "is correct" 3) each cost "has been necessarily incurred in the case," and 4) "that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924 (2002). The AO 133 Bill of Costs form requires that documentation for requested in all categories be attached.

Defendants argue that their affidavit without the AO133 form is sufficient for purposes of 54(d)(1). If the requirements of Fed. R.Civ. P. 54(d)(1) are met it can be construed to be in compliance with the rule but this issue would have been a whole lot easier if Defendant's counsel has used the form because it so clearly explains what is required. Defendants' affidavit also did not standing on its own clearly establish that each cost was incurred or correct or that services were actually and necessarily performed. Defendants merely generated a general list of costs for 1) delivery services; 2) transcripts; 3) copying; 4) investigation services; 5) depositions; 6) subpoenas; and 7) a photo exhibit. Because Plaintiffs have raised objections to each of Plaintiff's costs we will briefly address them. As to the fees for service of the subpoenas we grant Defendant the $35.00 for Mary Davis' subpoena, as well as the 21 subpoenas at $125.00–totaling

$2,625.00 which Plaintiffs are aware of. We deny the $195 attempted service fees as well as the remaining 7 subpoenas. Even though Defendant did not decide to call all witnesses subpoenaed. Hence, $2,660.00 is awarded in subpoena costs.

As to the deposition transcript costs we overrule Plaintiffs' objections. Fees of a court reporter who makes the stenographic of a deposition are recoverable if the deposition was necessarily obtained for use in the case. *S.K. Hand Tool Corp. v. Dresser Ind. Inc.,* 852 F. 2d 936, 943-44 (7th Cir. 1988), *cert denied,* 492 U.S. 918, 109 S. Ct. 3241, 106 L. Ed. 2d 589 (1989). Plaintiffs claim that Defendants have failed to establish that these depositions were reasonably necessary but in reviewing the invoices and the persons whose depositions ware taken you can see that many of the deponents were directly relevant to the case. Therefore, Defendants objections are overruled and Defendants are awarded $ 5,667.45 in deposition costs. Because invoice numbers B-5, B-9, B-10 and B-12 are duplicates of invoices these costs are denied as well as the cost for the unrelated deposition in B-17.

The photocopy fees set forth in C-2, C-4, C-6, and C-7 and totaling $ 386. 84 are also approved. The remaining costs are denied because they are either duplicates or unsubstantiated. The witness fee of Mary Davis in the amount of $45.00 is approved but the investigator costs denied because it is nontaxable. The fees set forth in Exhibits E-4-E-7 are denied also because they are either duplicative or unsubstantiated. Therefore, the AO133 Bill of Costs will be approved for the total amount of $ 8759.29.

## CONCLUSION

For the reasons discussed above, defendants' Motion for Renewed Costs is denied in part and granted in part [#128]. Defendants motion for a ruling is stricken as moot [#132].

SO ORDERED                    ENTERED: 3/28/02

*[signature]*
HON. RONALD A. GUZMAN
United States Judge